NO









NO. 12-10-00186-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

DARRELL BLANKENSHIP,

APPELLANT                                                     '     APPEAL
FROM THE 173RD

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     HENDERSON
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

PER
CURIAM

            This
appeal is being dismissed for want of jurisdiction.  Appellant was convicted of
possession of a controlled substance, and sentence was imposed on March 31,
2010.           

            Texas
Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed
or suspended in open court unless a motion for new trial is timely filed.   Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  Appellant
filed a motion for new trial on May 7, 2010, which was untimely.  See Tex. R. App. P. 21.4(a) (motion for new
trial to be filed no later than thirty days after trial court imposes sentence
in open court).  Therefore, Appellant’s notice of appeal was due to have been
filed on or before April 30, 2010.  However, Appellant did not file his notice
of appeal until June 9, 2010 and did not file a motion for extension of time to
file his notice of appeal as permitted by Texas Rule of Appellate Procedure
26.3.  See Tex. R. App. P. 26.3
(appellate court may extend time for filing notice of appeal if, within fifteen
days after deadline for filing notice of appeal, appellant files notice of
appeal in trial court and motion complying with Texas Rule of Appellate
Procedure 10.5(b) in appellate court).

            On
June 16, 2010, this court notified Appellant that his notice of appeal was untimely
and that there was no timely motion for an extension of time to file the notice
of appeal as permitted by rule 26.3.  Appellant was further informed that the
appeal would be dismissed unless, on or before June 28, 2010, the information
filed in this appeal was amended to show the jurisdiction of this court.  

On
June 17, 2010, Appellant’s counsel forwarded this court a copy of a letter
dated April 24, 2010, written by Appellant to the trial court.  In the
letter, Appellant stated that he “was recently convicted on this case by a jury
in your court and I would like to appeal this conviction. . . .”  The file
mark indicates that the letter was received by the trial court on May 6, 2010. 
Counsel asserts that this is Appellant’s notice of appeal and that counsel
prepared a formal notice of appeal after receiving the letter from the trial
court.

To
perfect an appeal in a non-death penalty criminal case, the appellant must
timely file a written notice of appeal with the trial court clerk.  Tex. R. App. P. 25.2(b), (c)(1).  Here,
Appellant sent a letter directly to the trial court expressing his desire to
appeal.  The letter was file marked as received by the trial court six days
after Appellant’s notice of appeal was due.  Nothing in the record before us indicates
that Appellant filed a notice of appeal with the trial court clerk within the
time permitted by the rules of appellate procedure.  

There
is no provision in rule 25.2 or in the interpretive case law permitting
jurisdiction to attach when the notice of appeal is sent to the trial court but
not filed with the trial court clerk.  See Brandon v. State¸ No.
07-04-00551-CR, 2005 WL 884937, at *1 (Tex. App.–Amarillo 2005, no pet.) (mem.
op., not designated for publication) (declining to hold that because district
clerk is agent of trial court, trial court must actually be principal and
therefore delivery of notice of appeal to trial court sufficient to invoke
appellate court’s jurisdiction); Miller v. State, No.
10-03-00089-CR, 2003 WL 21666086, at *1 (Tex. App.–Waco 2003) (mem. op., not
designated for publication), aff’d, No. PD-1675-0303, 2005 WL 2763830
(Tex. Crim. App. Oct. 26, 2005) (unpublished) (delivering notice of appeal to
trial judge not sufficient to invoke jurisdiction of appellate court).  And
even if Appellant’s letter to the trial court would otherwise be sufficient to
invoke this court’s jurisdiction, the letter was untimely filed.  Moreover, the
subsequent notice of appeal, filed with the trial court clerk by Appellant’s
counsel on June 9, 2010, was untimely and therefore does not invoke this
court’s jurisdiction.  Consequently, we do not have jurisdiction of the
appeal.  

            Because
this court has no authority to allow the late filing of a notice of appeal
except as provided by rule 26.3, the appeal must be dismissed.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Accordingly, the
appeal is dismissed for want of jurisdiction.  

Opinion delivered July 14, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)